IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMIE S. McBRIDE,

        Plaintiff,

vs.                                Case No. 06-1121-JTM

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

MEMORANDUM AND ORDER

Plaintiff filed the present action following a denial of his application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). For the following reasons, the court reverses and remands the decision for further consideration.

*I.  Factual Background*:

Plaintiff filed applications for DIB and SSI on March 17, 2003, which were denied initially and upon reconsideration. In his applications, plaintiff stated that he became disabled on April 1, 2001. He specifically alleged disability due to degenerative disease of the cervical spine status post fusion, arm and shoulder limitations, dizziness, and anxiety. Following a hearing, on May 6, 2005, an administrative law judge ("ALJ") found that plaintiff did not meet the definition of "disability" as defined in the Social Security Act.

The ALJ denied disability benefits at step five of the sequential evaluation process ("SEP") and determined that plaintiff met the residual functional capacity ("RFC") to perform a

significant range of light work available in the national economy. Specifically, the ALJ found that plaintiff could sit, stand, and walk six hours in an eight-hour workday, but could not crawl or climb ladders, ropes, or scaffolds. Additionally, the ALJ determined that plaintiff could not perform overhead lifting and was required to avoid all exposure to hazardous machinery and heights. The ALJ further held that plaintiff possessed a moderate ability to work in coordination with or proximity to others without distraction.

## II.  Standard of Review:

This court's review of the Commissioner's determination is limited. *Hamilton v. Sec'y of HHS*, 961 F.2d 1495, 1497 (10th Cir. 1992). The responsibility of this court is to determine whether the decision is supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. Reversal is appropriate if the agency fails to apply the correct legal standards or fails to demonstrate reliance on the correct legal standards. *Hamlin*, 365 F.3d at 1114.

## III.  Conclusions of Law:

Under 20 C.F.R. § 404.1512(a), plaintiff must demonstrate that he was unable to work because of a medically determinable impairment which lasted for a continuous period of at least 12 months. *See* 20 C.F.R. § 404 1512(a). *See also Mathews v. Eldridge*, 424 U.S. 319, 339

(1976); *Barnhart v. Walton*, 535 U.S. 212 (2002) (upholding the Commissioner's interpretation of the statutory definition which requires that the disability, not only the impairment, must have existed or be expected to exist for 12 months).

In demonstrating the existence of a determinable impairment lasting for a continuous period of at least 12 months, the Commissioner's regulations set forth the SEP which the Commissioner must use in assessing disability claims. *See* 20 C.F.R. § 404.1520 (2005). In steps 1-3, the ALJ must determine whether plaintiff is engaged in substantial gainful activity, whether he has a medically determinable impairment that is "severe" under the Act, and whether plaintiff suffers from an impairment that meets or equals any impairment listed in 20 C.F.R. pt. 404, subpt. P, app.1. *Id*.

At step four of the process, the ALJ must address three phases in making a determination. *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996). The first phase requires an evaluation of the claimant's residual functional capacity (RFC). *Id.* at 1023. The second phase entails an examination of the demands of the claimant's past relevant work. *Id*. In the third phase, "the ALJ determines whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one." *Id*. Specific findings are required at all phases. *Id*.

At step four of the SEP, the ALJ determined that plaintiff retained the ability to perform a range of light work including lifting or carrying 10 pounds frequently and 20 pounds occasionally. He could sit, stand or walk for six hours in an eight-hour workday. Plaintiff could not crawl, climb ladders, ropes or scaffolds, or lift overhead. The ALJ further found that plaintiff was to avoid all exposure to hazardous machinery and heights. Finally, due to his mental

impairment, the RFC included moderate limitations in the ability to work in coordination with or proximity to others without distraction.  Transcript, pg. 38.

*A.  Step Four Challenge – Phase One:*

Plaintiff argues that the ALJ failed to make a proper analysis by inappropriately weighing plaintiff's evidence.

In evaluating plaintiff's evidence of pain, the Tenth Circuit, in *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987), stated that courts must weigh the following: (1) whether claimant proves with objective medical evidence an impairment that causes pain; (2) if so, whether a loose nexus exists between the impairment and the subjective complaints of pain; and (3) if so, whether the pain is disabling based upon all objective and subjective evidence.  The ALJ must consider fully all evidence relating to the claimant's subjective complaints, including such factors as the claimant's activities of daily living; the location, duration, frequency, and intensity of the claimant's symptoms; the existence of any precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of medications taken by the claimant to relieve symptoms; any measures other than medication taken by the claimant to relieve symptoms; and any other factors concerning the functional limitations of the claimant. *See Gossett v. Bowen*, 862 F.2d 802, 807 (10th Cir.1988) (ALJ may consider claimant's daily activities in determining whether he is entitled to disability benefits); *Qualls v. Apfel*, 206 F.3d 1368, 1372-73 (10th Cir. 2000) (ALJ may properly consider what attempts plaintiff has made to relieve his pain, including whether he took pain medication, in evaluating his credibility).

Furthermore, credibility determinations are the province of the ALJ, "the individual optimally positioned to observe and assess witness credibility." *Adams v. Chater*, 93 F.3d 712,

4

715 (10th Cir. 1996) (quoting *Casias v. Secretary of Health and Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991). However, the Tenth Circuit has declined to adopt a ruling requiring an ALJ to make specific written findings of each witness's credibility. *Id*.

Here, the ALJ properly considered objective and subjective factors in considering plaintiff's credibility under *Luna*. Specifically, the ALJ considered that plaintiff sustained a work-related neck injury in 1996. Transcript, pg. 37. Plaintiff then returned to work in 1999 and worked until April 2001. However, plaintiff alleged disability since he was laid off in 2001, but he did not apply for benefits until March 2003. *Id*. Moreover, plaintiff's first treatment since the onset of the alleged disability occurred on October 28, 2003, when he visited Bradley H. Barrett, M.D., with alleged right flank pain. *Id*. He did not return to Dr. Barrett until March 17, 2004. *Id*. The ALJ properly considered this subjective evidence and properly articulated inconsistencies in plaintiff's testimony, which led the ALJ to find plaintiff less than fully credible. *See Hargis v. Sullivan*, 945 F.2d 1482, 1489 (10th Cir. 1991); *Huston v. Bowen*, 838 F.2d 1125, 1132 (10th Cir. 1988) (frequency of medical contacts is a factor to be considered in determining credibility). *See also Wiley v. Chater*, 967 F. Supp. 446, 451 (D. Kan. 1997) (allegations of disabling pain may be discounted if there are inconsistencies such as minimal or conservative medical treatment). Furthermore, the record did not reveal evidence that plaintiff was denied medical treatment due to financial reasons, although plaintiff testified that he did not seek treatment from 2000 through 2003 because he did not have insurance.

The ALJ also properly considered plaintiff's activities of daily living by finding that he did not have significant limitations. Plaintiff testified at the administrative hearing that he had to lie down most of the day, resting his neck every 15 minutes. However, the ALJ found that the

testimony was not supported by the medical evidence or his statement of activities because plaintiff testified that he was able to care for himself and his home; was able to drive, shop, and handle finances; and was able participate in hobbies such as fishing, gardening, playing the guitar, and playing cards.  Transcript, pg. 38.

Finally, although plaintiff testified that he took Hydrocodone for years, the information was not reflected in the medical records.  *Id*. Dr. Barrett noted on August 23, 2000 that plaintiff took no medications.  *Id*. at 296.  In June 2003, plaintiff reported he took no medications.  *Id*. at 38.  Additionally, on June 28, 2003, plaintiff reported that he took no medication for pain.  *Id*. at 260.  The court finds that the ALJ properly determined that inconsistencies existed in the record, which he relied on in discrediting the plaintiff's subjective complaints.

Plaintiff also argues that the ALJ erred in evaluating his treating physician's opinion. Under *Watkins v. Barnhart*, 350 F.3d 1297, the ALJ must first consider whether a treating physician's opinion is "well supported by medically acceptable clinical and laboratory diagnostic techniques."  *Id*. at 1300.  If the ALJ finds that the opinion is well-supported, the ALJ must then confirm that the opinion is consistent with other substantial evidence in the record.  If the opinion does not meet either requirement, then the opinion is not given controlling weight.  *Id*.  If the Commissioner finds that the treating physician's opinion should not have "controlling weight," treating source medical opinions are entitled to deference and must be weighed according to the following factors:

> 1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a

>   specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Id*. at 1301 (citing 20 C.F.R. § 404.1527).  After consideration of the factors, the ALJ "must give good reasons in [the] notice of determination or decision for the weight he ultimately assigns the opinion." *Id*. (citing 20 C.F.R. § 404.1527(d)(2)).  "Finally, if the ALJ rejects the opinion completely, he must then give 'specific, legitimate reasons' for doing so." *Id*. (quoting *Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987)).

Plaintiff first argues that the ALJ improperly concluded that the opinion of the treating physician, Dr. Barrett, was not entitled to controlling weight because the ALJ only discussed Dr. Barrett's opinion that plaintiff would likely miss four days of work per month due to his impairments, without discussing Dr. Barrett's other opinions.  The ALJ noted:

>   Dr. Barnett [sic] has only seen the claimant twice in the 4 years since the April 2001 alleged onsite primarily for right flank pain. He actually referred the claimant to Dr. Armani who noted a neck sprain with degenerative disc disease without significant limitations. Therefore this assessment that the claimant would be absent 4 days per month is not supported in his own treatment notes or the medical evidence as a whole.  Dr. Barnett's [sic] medical opinion is not supported by the record as a whole and as such cannot be given controlling weight.

Transcript, pg. 38.

The ALJ properly considered whether the treating physician's opinion was entitled to controlling weight by noting that the medical opinion was not supported by the record as a whole.  Additionally, the ALJ weighed the evidence with respect to the *Watkins* factors, as outlined in 20 C.F.R. § 404.1527.  However, the ALJ did not articulate the weight, if any, given to Dr. Barrett's opinion, and failed to explain the reasons for assigning the weight or for rejecting

7

Dr. Barrett's opinion.  The court must reverse the determination of the ALJ and remand the decision because review cannot proceed without findings explaining the weight assigned to the treating physician's opinion.

    IT IS ACCORDINGLY ORDERED this 23rd day of April, 2007, that plaintiff's appeal (Dkt. No. 12) is granted.

                                      s/ J. Thomas Marten  
                                      J. THOMAS MARTEN, JUDGE